UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAUN AKINDOALEXANDER RUSHING,    )<br>                                                                        )<br>            Plaintiff,                                      )<br>                                                                        )<br>    v.                                                               )    Civil Action No. 1:23-cv-00298 (UNA)<br>                                                                        )<br>GEORGE WASHINGTON                           )<br>UNIVERSITY HOSPITAL,                          )<br>                                                                        )<br>            Defendant.                                    ) | |

### MEMORANDUM OPINION

Plaintiff has filed a *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the court will grant plaintiff's IFP application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of the District of Columbia, sues George Washington University Hospital, also located in the District. He alleges that, in January 2023, defendant and its physicians refused him medical attention, discriminated against him, and threatened to kill him. He demands approximately 12 billion dollars in damages. It is unclear whether his claim sounds in tort (e.g., medical malpractice) or something else altogether.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

First, plaintiff's claims fail to raise any federal question.  Although he passingly refers to "discrimination," he does not specify the legal authority under which his rights were purportedly violated nor does he provide any context to make out a colorable claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) ("bare assertions" of a "discrimination claim" are "not entitled to be assumed true").  Indeed, the court has no information as to how plaintiff was discriminated against or what damages resulted therefrom.

Second, both plaintiff and defendant are located in the District of Columbia, so there can be no diversity jurisdiction.  *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.")).  Therefore, this court cannot exercise subject matter jurisdiction over this matter.

For all of these reasons, the complaint, ECF No. 1, and the case, are dismissed without prejudice.  A separate order accompanies this memorandum opinion.

**SO ORDERED.**

Date:   April 14, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge